FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO GONZALEZ-RODRIGUEZ,<br><br>Defendant. | No. 4:24-MJ-07155-ACE-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE ON COMPLAINT AND SETTING DETENTION AND PRELIMINARY HEARINGS |

On Tuesday, November 5, 2024, Defendant made an initial appearance based on the Complaint (ECF No. 1). Defendant was represented by Assistant Federal Defender Nick Mirr and assisted by federal court-certified interpreter Natalia Rivera. Assistant United States Attorney Laurel Holland represented the United States.

Defendant was advised of and acknowledged Defendant's rights.

The Office of the Federal Defenders was appointed to represent Defendant.

The United States previously filed a Motion for Detention (ECF No. 8).

ORDER- 1

Accordingly, **IT IS ORDERED:**

1. The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

2. Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States has a continuing obligation to produce all information or evidence known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of Defendant with full disclosure being made.

If the United States believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement

ORDER- 2

technique, or any other substantial government interest, the United States may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the United States' obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

3. Defendant shall submit a revised CJA-23 Financial Affidavit if Defendant receives cash or any other asset with a value of $15,000 or greater (including, but not limited to, an inheritance, a court settlement, lotto or gambling

winnings, a dividend, an award, and/or a royalty or interest in property) while Defendant is represented by a Court appointed attorney during the pendency of this case. Defendant shall submit a revised CJA-23 Financial Affidavit within five (5) business days of physical receipt or knowledge of the existence of any such asset.

4. A **detention hearing** was set **before Magistrate Judge Ekstrom in Richland, Washington, on Thursday, November 07, 2024, at 11:00 AM.**

5. A **preliminary hearing** was set **before Magistrate Judge Ekstrom in Richland, Washington, on Thursday, November 14, 2024, at 11:00 AM.**

6. Pending those hearings, Defendant shall be detained in the custody of the United States Marshals Service and produced for the hearing.[1] To the extent practicable, Defendant shall be confined separately from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

---

[1] *See* 18 U.S.C. § 3142(f).

ORDER- 4

7. The United States Probation/Pretrial Services Office shall prepare a pretrial services report prior to the hearing and shall notify defense counsel prior to interviewing Defendant.

**IT IS SO ORDERED.**

DATED November 5, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER- 5